# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**JESSIE JAMES GRACE, III**                          **CIVIL ACTION**

**VERSUS**                                                        **NO. 02-3818**

**BURL CAIN, WARDEN**                               **SECTION "H"(2)**

## ORDER

Before the Court is Respondent's Motion to Stay Judgment and Release Pending Appeal (Doc. 151). On December 3, this Court granted Petitioner Jessie James Grace, III habeas relief and ordered that he be retried or released within 120 days.[1] Thereafter, Respondent filed the instant motion asking for a stay of that judgment pending appeal. Petitioner opposes.

Rule 23(c) of the Federal Rules of Appellate Procedure creates a rebuttable presumption that a prisoner who has received habeas relief will be released pending appeal. The Supreme Court advised that a court considering whether to stay the release of a prisoner and continue custody should consider the traditional factors for a stay pending appeal:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

---

[1] Docs. 146, 147.

1

will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[2]

"The most important factor is whether the state has made a strong showing of likelihood of success on the merits."[3] These factors, however, are not exclusive. Courts should also consider whether there is a risk that the prisoner will pose a danger to the public if released and the State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal.[4] The latter factor "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served."[5]

Respondent predominately argues that a stay is appropriate here because of its likelihood of success on the merits. It argues that this Court erred by (1) relying on Fifth Circuit precedent instead of Supreme Court precedent and (2) failing to show deference to the state court's decision. This Court is not impressed by Respondent's likelihood of success on these arguments. Further, Respondent does not provide any evidence that Petitioner is a risk to the public or that it has any unique interest in continuing custody of him. That said, the Supreme Court "recognizes that the State has a strong interest in continuing custody where there is a long period left on the prisoner's sentence."[6] Because Petitioner is serving a life sentence, "the State's interest in continuing custody should be given substantial weight."[7]

---

[2] Hilton v. Braunskill, 481 U.S. 770, 776 (1987); *see* Woodfox v. Cain, 305 F. App'x 179, 181 (5th Cir. 2008).
[3] Woodfox v. Cain, 789 F.3d 565, 569 (5th Cir. 2015).
[4] *Hilton,* 481 U.S. at 777.
[5] *Id.*
[6] *Woodfox*, 305 F. App'x at 182.
[7] *Id.*

That said, the Court finds it particularly compelling that in light of other pending charges, denial of this Motion will not result in Petitioner's immediate release. In fact, denial of this Motion would facilitate Petitioner's transfer to the Jefferson Parish Correctional Center where he can better assist his attorney in addressing those pending charges. "[T]he interest of a successful habeas petitioner in being released pending appeal is always substantial,"[8] but this Court finds Petitioner's interest to be even more compelling in light of his need to address other pending charges. Accordingly, the Court finds that Respondent has not presented sufficient evidence to rebut the presumption of release and that Petitioner's unique interest in release weighs against a stay.

Accordingly;

**IT IS ORDERED** that Respondent's Motion to Stay Judgment and Release Pending Appeal is **DENIED**.

New Orleans, Louisiana this 8th day of February, 2022.

JANE TRICHE MILAZZO
**UNITED STATES DISTRICT JUDGE**

---

[8] *Id.* at 181.