UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JESSIE JAMES GRACE, III**                                              **CIVIL ACTION**

**VERSUS**                                                                          **NO. 02-3818**

**TIM HOOPER, WARDEN**                                              **SECTION "H"(2)**

### ORDER

    Before the Court is Respondent Tim Hooper's Motion to Stay Judgment and Release Pending Appeal (Doc. 178). On March 15, 2024, this Court granted Petitioner Jessie James Grace, III habeas relief and ordered that he be retried or released within 120 days.[1] Thereafter, Respondent filed the instant motion seeking a stay of that judgment pending appeal. Petitioner opposes.

    Rule 23(c) of the Federal Rules of Appellate Procedure creates a rebuttable presumption that a prisoner who has received habeas relief will be released pending appeal. "[T]he interest of a successful habeas petitioner in being released pending appeal is always substantial."[2] The Supreme Court advised that a court considering whether to stay the release of a prisoner and continue custody should consider the traditional factors for a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

---

[1] Docs. 169, 173.
[2] Woodfox v. Cain, 305 F. App'x 179, 181 (5th Cir. 2008).

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[3]

"The most important factor is whether the state has made a strong showing of likelihood of success on the merits."[4] These factors, however, are not exclusive. Courts should also consider whether there is a risk that the prisoner will pose a danger to the public if released and the State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal.[5]

Respondent argues that a stay is appropriate here because of its likelihood of success on the merits. Respondent contends that this Court's order granting Petitioner habeas relief suffers from the same deficiencies identified by the Fifth Circuit in its first order granting Petitioner habeas relief.[6] Respondent complains that this Court performed a *de novo* analysis and failed to apply the deferential habeas standard until "the final paragraph."[7] Respondent's position is disingenuous. The final paragraph of this Court's opinion is a summation of the prior 13 pages laying out in detail the shortcomings of the state court's decision.[8] This Court expressly addressed the reasoning of the state court and found it to violate Supreme Court precedent. Accordingly, this Court does not agree that Respondent has shown a likelihood of success on the merits.

Further, Respondent does not argue that Petitioner is a risk to the public or that it has any unique interest in continuing custody of him. The Supreme

---

[3] Hilton v. Braunskill, 481 U.S. 770, 776 (1987); *see Woodfox*, 305 F. App'x at 181.
[4] Woodfox v. Cain, 789 F.3d 565, 569 (5th Cir. 2015).
[5] *Hilton,* 481 U.S. at 777.
[6] *See* Doc. 165.
[7] Doc. 178.
[8] Doc. 169.

2

Court recognizes that the State's interest "in continuing custody and rehabilitation pending a final determination of the case on appeal . . . will be strongest where the remaining portion of the sentence to be served is long."[9] Because Petitioner is serving a life sentence, presumably a long portion of his sentence remains to be served. However, he has already served 33 years in prison, and therefore, this Court does not believe that continued rehabilitation would be beneficial.

Finally, this Court rejects Respondent's judicial economy arguments. Respondent contends that granting this Motion will relieve it of the burden of appealing this decision and upsetting the orderly appellate review of this matter. The Court declines to grant a stay pending appeal where Respondent has not—in its view—made the requisite showing to warrant a stay.

The Court finds that Respondent has not presented sufficient evidence to rebut the presumption of release and that Petitioner's unique interest in release weighs against a stay.

Accordingly;

**IT IS ORDERED** that Respondent's Motion to Stay Judgment and Release Pending Appeal is **DENIED**.

New Orleans, Louisiana this 2nd day of May, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[9] *Hilton*, 481 U.S. at 777.